UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, § | |
| U.S. Department of Labor, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO 6:08-cv-15 |
| § | |
| REGENCY NURSING AND § | |
| REHABILITATION CENTERS, INC., § | |
| HARLINGEN NURSING AND § | |
| REHABILITATION CENTER, INC., § | |
| KINGSVILLE NURSING AND § | |
| REHABILITATION CENTER, INC., § | |
| DONALD P. KIVOWITZ, individually, § | |
| and HERBER S. LACERDA, individually, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's First Motion to Amend Complaint. (Dkt. No. 20.) Elaine L. Chao, Secretary of Labor, United States Department of Labor ("Plaintiff"), requests leave of Court to amend her Complaint by correcting the names of two Defendants named in the Complaint. After considering the parties' arguments and the applicable law, the Court is of the opinion that the pending Motion should be GRANTED.

**Procedural History**

Plaintiff brought this action alleging violations of certain provisions of the Fair Labor Standards Act of 1938 (FLSA), namely withholding of overtime compensation and failure to make, keep, and preserve adequate and accurate records as required by law. Plaintiff named as Defendants Regency Nursing and Rehabilitation Centers, Inc., Harlingen Nursing and

Rehabilitation Center, Inc., Kingsville Nursing and Rehabilitation Center, Inc., Donald P. Kivowitz, individually, and Herber S. Lacerda, individually ("Defendants"). (Dkt. No. 1.)

In their separate answers to the Complaint, Harlingen Nursing and Rehabilitation Center, Inc., and Kingsville Nursing and Rehabilitation Center, Inc., stated they are not employers under FLSA and do not have any employees. (Dkt. Nos. 11 & 12.) Plaintiff subsequently determined that the correct legal names of the nursing facilities in Harlingen and Kingsville ("Facility Defendants" or "the Facilities") are Regency Nursing Center Partners of Harlingen, Ltd. d/b/a/ Harlingen Nursing and Rehabilitation Center ("Harlingen Facility") and Regency Nursing Center Partners of Kingsville, Ltd. d/b/a/ Kingsville Nursing and Rehabilitation Center ("Kingsville Facility"), respectively. (Dkt. No. 20.) Plaintiff now requests leave of Court to amend her Complaint by correcting the legal names of the Facility Defendants. (*Id.*)

Defendants do not oppose Plaintiff's Motion to the extent Plaintiff seeks to add new parties, but do oppose Plaintiff's attempt to substitute or rename any of the previously named or misidentified defendants. (Dkt. No. 21.) Defendants contend that Plaintiff did not misidentify the facilities by name, but instead sued the wrong entities entirely. (Dkt. No. 21.) Defendants provided evidence that Harlingen Nursing and Rehabilitation Center, Inc. ("Harlingen Partner") is a distinct legal entity that owns a 2% interest in the Harlingen Facility and acts as the Harlingen Facility's general partner. Likewise, Kingsville Nursing and Rehabilitation Center, Inc. ("Kingsville Partner") is a distinct legal entity that owns a 2% interest in the Kingsville Facility and acts as the Kingsville Facility's general partner. Defendants contend that Plaintiff sued the general partners of the Facility Defendants, and not the facilities themselves; thus, Plaintiff's request would not correct the legal names of the Facility Defendants, but instead add them as parties to the litigation for the first time.

**Discussion**

Defendants oppose Plaintiff's attempt to substitute the Facility Defendants' legal names in her Complaint because this would allow her claims against the Facility Defendants to relate back to the date the Complaint was filed. Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may avoid the statute of limitations through relation back showing: (1) the basic claim has arisen out of the conduct set forth in the original proceeding; (2) the party to be brought in must have received such notice that it will not be prejudiced in defending on the merits; (3) the party knew or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the period provided by Rule 4(m) for serving the summons and complaint. FED. R. CIV. P. 15(c); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

Rule 15(c) is "'meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification.'" *Jacobsen*, 133 F.3d at 320 (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469 (2d Cir. 1995)). However, relation back is not appropriate where an entirely new defendant is being added who was not included in the original complaint. *Jacobsen,* 133 F.3d at 321—22. Thus, whether Plaintiff has misnamed or misidentified the Facility Defendants will determine whether Plaintiff's claims relate back to the date the original Complaint was filed.

**(1) Does the basic claim arise out of the conduct set forth in the original proceeding?**

There is no question that the claims against the Facility Defendants arise out of the same conduct set forth in the original pleading, namely, alleged FLSA violations.

**(2)  Have the Facility Defendants received such notice that they will not be prejudiced in defending on the merits?**

There is also no question that the Facility Defendants were on notice of Plaintiff's claims. The Fifth Circuit has held that courts "will infer notice if there is an identity of interest between the original defendant and the defendant sought to be added or substituted." *Jacobsen*, 133 F.3d at 320. "'Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.'" *Id.* (quoting *Kirk v. Cronvich*, 629 F.2d 404, 408 n.4 (5th Cir. 1980)). Here, all defendants, including the Facility Defendants, are closely intertwined. Defendant Nursing and Rehabilitation Centers, Inc. is the management company and agent of both Facility Defendants. Harlingen Nursing and Rehabilitation Center, Inc. and Kingsville Nursing and Rehabilitation Center, Inc. are general partners of the Facility Defendants. And Defendants Donald P. Kivowitz and Heber S. Lacerda actively manage, supervise, and direct the business affairs of the other defendants. (Dkt. Nos. 1 ¶¶ 4 & 5, 13 ¶¶ 4 & 5.)

Notice may also be imputed to the new party through shared counsel. *Barkins v. International Inns, Inc.*, 825 F.2d 905, 907 (5th Cir.1987). Thus far, attorney Juliann H. Panagos from the Law Firm of McGlinchey Stafford, PLLC, has represented all defendants in this litigation.

**(3)  Did the Facility Defendants know, or should they have known that, but for a mistake concerning identity, the action would have been brought against them?**

The central question before the Court is whether the Plaintiff named the wrong defendants or mislabeled the right defendants—that is, whether, at the time she filed her Original complaint, Plaintiff intended to sue the General Partners or the Facilities themselves.  If it is

4

apparent on the face of Plaintiff's Complaint that she intended to sue the Facilities, then the Facility Defendants should have known that, but for Plaintiff's mistake as to the Facilities' legal names, she would have named the Facilities as defendants in her Complaint.

As noted above, the Facility Defendants do business as Harlingen Nursing and Rehabilitation Center and Kingsville Nursing and Rehabilitation Center. Harlingen Nursing and Rehabilitation Center, Inc. and Kingsville Nursing and Rehabilitation Center, Inc. are General Partners of the Harlingen and Kingsville Facilities, respectively. In the caption of her Complaint, Plaintiff named Harlingen Nursing and Rehabilitation Center, *Inc.*, and Kingsville Nursing and Rehabilitation Center, *Inc.*, as Defendants (emphasis added). Despite the fact that Plaintiff included the phrase "Inc." after the name of each Facility, thus technically naming the General Partners, it is clear to the Court that Plaintiff intended to sue the Facilities themselves, and not the General Partners of the Facilities.

First, the Complaint describes Defendant Harlingen Nursing and Rehabilitation Center, Inc. as "a corporation with a place of business and doing business at 3810 Hale St. in Harlingen, TX 78550." (Dkt. No. 1, ¶ 2.) The Harlingen Facility operates at this address. The Harlingen General Partner operates at an entirely different address—101 W. Goodwin, Suite 600, Victoria, TX. (Dkt. No. 21, Ex. B.) Likewise, the Complaint describes Defendant Kingsville Nursing and Rehabilitation Center, Inc., as "a corporation with a place of business and doing business at 3130 S. Brahma Blvd., Kingsville, TX 79363." (Dkt. No. 1, ¶ 3.) The Kingsville Facility operates at this address. The Kingsville General Partner operates at a separate address in another city—101 W. Goodwin, Suite 600, Victoria, TX—which is the same address as the Harlingen Partner. (Dkt. No. 21, Ex. B.)

Next, as noted above, the Complaint identifies Defendants Harlingen Nursing and Rehabilitation Center, Inc. and Kingsville Nursing and Rehabilitation Center, Inc. as "doing business at" the addresses where the Harlingen and Kingsville Facilities are located. The Complaint does not describe these defendants as "2% owners" or "governing bodies" or "general partners" of the entities that do business at the nursing facility locations. It is clear that Plaintiff intended to name the entities that actually carryon the day-to-day business activities at these locations, i.e. the Facility Defendants.

Finally, the fact that Plaintiff was mistaken as to the Facilities' legal names should come as no surprise to either the Facility Defendants or the General Partners. As the Second Circuit explained in a similar case:

> In some circumstances, the identification of a defendant by the name of one corporation cannot fairly be regarded as a mislabeling of a different corporation intended to be sued. But the line between naming the wrong defendant and mislabeling the right one must be drawn in light of the context of the nomenclature created by the defendant and the labeling undertaken by the plaintiffs assessed against that context.

*Datskow v. Teledyne, Inc., Continental Products Div.*, 899 F.2d 1298, 1301—02 (2d Cir. 1990) (allowing substitution of "Teledyne Industries, Inc." in place of "Teledyne, Inc." and noting that defendant assumed the risk of incorrect identification by conducting business under a name easily confused with that of its parent company).

The Facility Defendants and the General Partners have assumed the risk that they may be easily confused and therefore incorrectly identified in lawsuits by conducting business under names nearly identical to each other. Thus, the Court is convinced that the Facility Defendants knew, or should have known that, but for Plaintiff's mistake as to the Facilities' legal names, she would have named the Facilities, not the General Partners, as Defendants in her Complaint.

### (4) Were the second and third requirements fulfilled within the period provided by Rule 4(m) for serving the summons and complaint?

The second and third requirements were timely met. The Facility Defendants received notice of the lawsuit at the same time the other Defendants were served with the Summons and Complaint, less than 120 days after the Complaint was filed as required under Federal Rule of Civil Procedure 4(m). (Dkt. No. 1.) Because it is clear on the face of the Complaint that Plaintiff intended to sue the Facility Defendants, Plaintiff's mistake regarding the Facilities' legal names should have been apparent at the time Defendants were served with the Summons and Complaint.

## Conclusion

For the foregoing reasons, Plaintiff's First Motion for Leave to Amend Complaint by correcting the legal names of the Harlingen and Kingsville nursing facilities is GRANTED. Plaintiff may amend her Complaint to substitute Regency Nursing Center Partners of Harlingen, Ltd. d/b/a/ Harlingen Nursing and Rehabilitation Center in place of Harlingen Nursing and Rehabilitation Center, Inc., and Regency Nursing Center Partners of Kingsville, Ltd. d/b/a/ Kingsville Nursing and Rehabilitation Center in place of Kingsville Nursing and Rehabilitation Center, Inc., respectively. Plaintiff shall amend her pleadings within ten days from the date of entry of this order.

Based on Plaintiff's mistake regarding the Facility Defendants' legal names, Defendants also filed a Motion to Bifurcate, urging the Court to first decide the "jurisdictional issues" of whether any Defendants are statutory employers under FLSA with respect to 51 of the 52 individuals listed on Exhibit A to Plaintiff's Original Complaint, and whether the three corporate Defendants constitute a single enterprise for purposes of FLSA. (Dkt. No. 17.) Because Plaintiff has been granted leave to amend her Complaint, thus clarifying that the intended defendants

were the Facilities and not the Partners, it appears the reason for bifurcation has been eliminated. Defendants' Motion to Bifurcate is therefore DENIED as MOOT. Defendants' Motion for Protective Order (Dkt. No. 22) seeking to limit discovery to the above "jurisdictional issues" is also DENIED as MOOT. If amendment does not eliminate the basis for these Motions, Defendants are free to urge the Court to reconsider this matter in the future.

    It is so ORDERED.

    Signed this 7th day of November, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE